is number 19-14830 United States v. Winfred Lorenzo Hunt, Ms. Phillips-Williams. Let me just let me just say I thank you very much for reminding me so when you are at the podium you can obviously take your mask off if you feel comfortable doing that if you feel more comfortable keeping your mask on then you can do that as well whenever you're ready Good morning, Bonnie Williams on behalf of Mr. Hunt. In this case, your honors, the court erred when it found that Mr. Hunt's 404 motion for reduction of his crack sentence of life was moot. He was convicted of 32 counts in this indictment. Of those 32 counts, 17 of those counts dealt with crack cocaine charged under 841B and were therefore covered offenses. The mandatory life sentence in counts 1 and 24. Mr. Hunt was sentenced to life on every other crack cocaine count as well. Due to the guideline grouping rules, those mandatory life counts on 1 and 24 affected the rest of his sentence. That's according to the PSI and therefore the sentence was driven by the covered crack account. You were sentenced to life on a total of 15 counts, is that right? I counted 17. 17, okay. Yes, sir. I think the main point is the government's 851 notice in this case only applied to counts 1 and 24, not counts 30 or 34 which were count hydrochloride counts and the government's 850, it was very specific on which counts it was to United States versus DeFalco. This is not a case where the government's notice gave simply the wrong date of the prior conviction. In this case, the court, the government set forth what he was actually facing under which counts of the conviction and only counts 1 and 24 were mandatory life. I want to make sure that I have the general gist of your argument right from your brief. Your argument is that the crack cocaine offenses that he was convicted on are covered offenses. Yes, sir. And that as a result, the district court was obligated to decide whether it was going to exercise discretion to reduce the sentence on those counts. My position is, Your Honor, on those counts and other counts. No, I know, I know, but you can't get to the Right. So at the on step one, you're facing, you have to figure out whether it's a covered offense. Yes, sir. Your position is the crack cocaine convictions were covered offenses. Yes, sir. And therefore, the district court at the very beginning was required to decide whether or not to reduce the sentences on those counts. And then your position goes one step further and says not if you decide to reduce, you can go to the other non crack counts as well. Yes, sir. Right. Yes, sir. I guess that really brings me to my question for you. Assume with me for the purposes of my question, one, that the crack offenses are covered offenses. Seems to me the answer is clear that they are. What about count 34? That's a powder count. Five kilograms or more of powder at the time. Mandatory minimum. Is that a covered offense? No, sir. But under the packaging doctrine, the sentence packaging doctrine is our position that the court could resentence on those counts as well. See, I one way of I speak only for myself, but one way of resolving this case is not to decide your second issue at this time. Right. And you could decide this case. Again, I speak only for me by saying the crack cocaine convictions were covered offenses. The district court, therefore, had an obligation to decide whether or not to reduce the sentences on those counts. And if it decides to reduce on those counts, then it has to decide the second issue. And if it decides not to reduce, then you have a chance for another go at an appeal, arguing that there was an error in that respect, too. And the reason I think that that sort of holding is attractive, at least to me, is that. He only gets one shot at trying to get these reductions, and should Congress ever reduce the powder offenses retroactively. He would have no shot because the crack cocaine offenses would have been left undisturbed, and then there really would be a an argument for harmless error, like no matter what I do on the powder, I've left a crack standing, and therefore, you're still going to be serving life. And I think at least I think he needs to have the opportunity to get that First Step Act motion resolved one way or another. I think, Your Honor, that that's a very reasonable interpretation or way to deal with this. I mean, the fact that the court found that the issue was moot to me is a problem, because unlike Pubian, which was the case we were referred to in the supplemental authority or to file the supplemental briefs on, the court actually decided on the covered offense. And you're right. I mean, he has a group of covered offenses here, and at that point, we can argue the second issue. So that would be a way to resolve this case at this time. Help me with this. Here's where I'm having my problem. Seems to me, one, the crack offenses are covered. My first cut at it is at least count 34 is not covered. It's not a covered offense. It's a powder offense. Nothing in the law changed as to that. The First Step Act just doesn't seem to me to apply unless you somehow manage to hook it into the case with regard to this theory that the counts were so interconnected and interrelated that you can't address one without the other. It's like the fabric is sewn closely together. The problem I have with that is, and you can help me with my problem, is that it strikes me that they're not related. Unlike many other drug offenses, the powder offense for which he faced life, hold aside the 851 charging document for a moment. The powder offense, the court has no power to alter based on the First Step Act because it's not a covered offense. Three, it seems to me, and then you can tell me where I'm wrong as I see it, I think the district court was wrong to use the term mootness. I don't think it was moot. It was a very much alive controversy, at least with regard to the crack offense. The problem I have on justiciability is a redressability, a standing question, and it seemed to me that if he could not alter count 34 for which he got life imprisonment, then sending it back to address the crack charges strikes me as holy pyrrhic victory. It doesn't amount to anything because he can't redress the count 34. So it doesn't seem to me to be redressable. What he really wants now is to vacate these life sentences. He can't do that. So the only argument out there is, yeah, all of that is right, but down the road at some unforeseeable time with some unforeseeable event, it's theoretically possible that Congress may go at it again and change the law in two years, five years, ten years, twenty years. But isn't that the heart of your argument? How is this redressable? If you don't, if you can't package it together on the theory of interrelationship, doesn't your argument fail in sending it back to Judge Middlebrooks would be a complete waste of time? Your Honor, I still believe that the sentences were packaged. I mean, even if you read the sentencing transcript, it's eight pages, I believe. And at that point, Judge Middlebrooks basically says this is a mandatory life case. He never addresses which counts it's mandatory life on. But wasn't he right at least on count 34? It depends on the 851 notice, Your Honor. Okay. Assume with me the following. Just assume for the purposes of my question that we don't agree with you that these are interrelated or so interconnected that if one falls, the other has to be reconsidered. Let's just assume that for the purposes of my question. We can go back to that. Then your argument fails, doesn't it? Well. Because the court would have, there would be no, there's no redress the district court could give other than the arguable Pyrrhic victory of recalculating the crack offense, but it wouldn't affect the life term in any way. If it's the court's position that count 34 is mandatory life, then you're correct. However, as Judge Jordan was pointing out, he gets one chance at this. And if the judge at this point doesn't reduce the crack offenses, if at some point down the road when the court or the Congress decides to make the powder offenses retroactive, then he has no redress whatsoever. Well, I guess what I'm really asking though, is that justiciable? Can you say, when we look at the question of standing, forget mootness, it isn't moot. On standing, we ask one, was there an injury in fact that was concrete? Ultimately, we ask the third question, can a court provide redress? And if the answer is no, the law is clear that the court has no power to entertain the matter for lack of standing. If it can provide no redress now, is it enough to say that it is theoretically possible that in an unknown time, if Congress changes the law in a certain way, then it would be redressable? Is that enough to establish redressability in standing? I'm not sure I understand the second part of your question, Your Honor. But I mean, as Judge Jordan pointed out, he only gets one chance at this. So I would say it is redressable now on the, I understand as far as the- So the crack is redressable. I think that's easy, and he didn't address it. All right. So we say, sure, fine, Judge Middlebrooks, go do it again. Decide whether you want to change the sentence for the crack offenses as covered offenses, but assume that we don't agree on this interrelationship. Then he has no power to anything on count 34 unless you're right that the failure to provide the proper 851 notice is fatal. So that, can you help me with that argument? Well, Your Honor, I think the court is correct at that point, but I still believe that he has the ability and should at this point deal with the crack offenses that are covered offenses. Thank you. I see my time is up. Thank you very much. Mr. Colan. Good morning. May it please the court, Jonathan Colan on behalf of the United States. This case has several paths to rule on, and what's interesting is that each path tends to obviate the need to rule on others. I think I want to start with what the word meant here, because I think Judge Marcus, you're right, that what I think the judge really meant was more in terms of futility, which is akin to what the court ruled in Pubian, and that if there are non-covered offenses that cannot be modified, and that includes both count 30 and 34, both of which were powder counts and which were sentenced to life. Count 34 is the one where we maintained that it was a mandatory life term. Count 30 was just a statutory maximum of life, but both were non-covered powder offenses. We all agreed that for the covered crack offenses, Mr. Hunt was eligible to be considered for relief. Now to address Judge Jordan's concern is the fact that you cannot reduce the sentences under this court's Denson analysis, the non-covered offenses, is that grounds for saying I'm not going to therefore reduce the non-covered offenses? Maybe, but this court didn't do that. It's our position that what the court's explanation gave, that the explanation the court gave, and again it used the word moot, but the subsequent sentence it said is that reducing would have no effect, and I think if you look at the rest of that sentence, that explanation was looking more at the futility of the gesture so that in our position that is a sufficient ruling on the covered offenses. Can I give you a different hypothetical and see if it provides some sort of an analogy? A defendant gets sentenced to five life terms after pleading guilty. He takes a direct appeal. We determine on direct appeal that two or three of the life terms are improper. Two of them can stand, three of them cannot stand. District court cannot impose life on three of them. Do we affirm for futility or we vacate the three sentences and remand for resentencing, even though it will have no ultimate effect on how much time that person spends in jail? No, you're correct, Your Honor, that you can, especially on direct appeal situation, which is different from a section 404 proceeding, but you're right. When a court defines that some counts were erroneous, those sentences can be changed, but a section 404 proceeding is not a de novo sentencing. This is a limited form of relief, and section 404c says that the court has no obligation. It can deny for any reason. No, not for any reason. It's complete discretion. No, I can't. I know, Mr. Colan, but you can't deny. If a district judge, heaven forbid, says, I am denying your motion because you are white or because you are Hispanic or because you are black or because you are a woman, we'd reverse that in a heartbeat, right? You have to provide some rational reason, and I take your point, but it's not any reason. You're absolutely correct, and I otherwise. You're correct, and the court has discretion, and the fact that the reduction would be futile in the sense that it would have no effect on the amount of time that Mr. Hunt would serve is a ground within the court's discretion, so it's our position that that explanation was sufficient and that the court ruled on the covered offenses. It ruled that because it would have no effect, I'm going to deny it, and that is similar to the way the court described it in Pubian that this court affirmed. I didn't see any indication in the court's order that the district court understood it had the authority to reduce the sentence on the covered offenses, so I don't see where the district court exercised any discretion in this case. It didn't acknowledge that he was eligible. Respectfully, Your Honor, I read the court's ruling to say that, to acknowledge that it could, that those were covered. It made the ruling that these are covered offenses. We all acknowledge that they're covered offenses. Didn't the government actually urge the district court not to reach discretion, but simply to rule on the, on that he wasn't going to get a reduction, that he wasn't eligible? I thought the government said just rule on that and then you don't have to get to the consideration of whether to exercise discretion. Respectfully, Your Honor, it's our position that ruling that, that reducing the covered offenses would have no effect, and therefore because he could not reduce the non-covered offenses, there'd be no point in doing so, was the exercise of discretion. That was ruling, as the court ruled in Boubian, that since it would, I mean, it would have a, you know, for the record, for the record, these sentences would be reduced, but it would have no effect on the sentence that he served. That was the exercise of discretion. I'd like to address, if I can, Judge Storins, your point about the one-shot-ness, because I think this relates to the question we're discussing about, you know, whether it would have an effect. I don't think that concern actually requires addressing the covered offenses in this instance for this reason. If sub-future legislation were to allow the court, the district court, to reduce other things, to have other ways of looking at reducing sentences, and there are many proposals pending before Congress at the moment, that that is a possibility, not a certainty, but a possibility, and if some future legislation were to give the court a broader authority to take second looks at sentences and decide to reduce them, it would be under that legislation. So 404C's limitation against a second look at a 404 proceeding wouldn't be an issue. It would be under whatever new legislation. You know, but if the new legislation Congress drafts in an interesting way at times, and if the new legislation says the only thing you can now reduce are powder offenses, then where's someone like Mr. Hunt left? Your Honor, you're correct. I said we can conceive of legislation that could limit relief, but we can conceive of legislation that could limit relief in all circumstances. I don't see much harm, again, only for myself, but I don't see much harm in that. As I said, Your Honor, it's our position that this ruling was a discretionary ruling on the covered offenses. To the extent this court were to rule that this was not an explanation as to the covered offenses, and that under Stevens and the other cases where this court has required a sufficient explanation, a remand would be the appropriate remedy. Like I said, our position is that it was a sufficient explanation. Well, let's see if there is. The order from Judge Middlebrooks is a page and a half long. I have it in front of me, and it says the following. One, it says, it now appears that are not covered offenses under the First Step Act. It clearly understands powder isn't covered. Therefore, I lack jurisdiction to reduce Mr. Hunt's sentence as to those counts. Therefore, Mr. Hunt's life sentence remains unchanged. That's the first thing he said. Then he says, with respect to the remaining counts, the government argues against relief based upon the drug amounts in the pre-sentence report and argues that in any event, I should not exercise discretion to reduce Mr. Hunt's sentence as to those counts. Counsel for Hunt argues, I should reduce the sentence on those counts, that is to say, the covered offenses, in the event that there is a change in the law as to counts 30 and 34. Same argument that counsel for the appellant raised before this court. Here's his response. Tell me what it means. Quote, since any reduction as to those counts, we're talking about the covered accounts, would not affect Mr. Hunt's present sentence, I see no reason to determine whether the remaining counts should be reduced. If he stopped there, then it would seem to me that it was pretty clear that he knew he had the power and just chose not to do it. But then he goes on to say, and I deny the request as to those counts as moot without reaching the merits. Help me with that. In so far as he says it's moot, he's saying it's non-justiciable. I do not have the power to do it. That's different from saying I choose not to exercise my discretion. I recognize I have the power. What is Judge Middlebrook saying here? The first part of the sentence seems to me to be suggesting he was exercising a discretion. Quote, I see no reason to determine. That suggests that he has the power, but he sees no reason to determine. The second part says it's moot, which means he doesn't have any power to do anything. In so far as that was his ruling, that would be wrong, wouldn't it? It would be wrong to say that he had no ability to reduce the current. Right, and so he would have been laboring under a legal misapprehension. Would he not? He would, but that's not how I interpret the sentence for this reason. I don't put the weight of non-justiceability in the word in that sentence. To me, in that context where he's explaining about the fact it would have no effect on what sentence this person served, I read the word moot there more to akin to futility, as the court ruled in Pubian, that it would be an empty gesture and have no effect. So I understand the point you're making, Your Honor, and if that's how the court construes it, if it construes it the way you're saying, then you're correct. My problem is the sentence is unclear. On the one hand, you could argue the way you do. On the other hand, you could argue with the way your colleague did, suggesting mootness means I have no power to entertain it, and if that was the legal conclusion he was operating under, then that would have been error as a matter of law, wouldn't it? Yes. So then if that's the case and we can't tell, why isn't Judge Jordan right that the wise course here is remand? Tell us why you chose not to alter the sentence on the covered offenses which you had the power to do, even assuming you didn't have the power to do anything with regard to the non-covered offenses. Why isn't that a simple remand? Why isn't that? Now, your colleague here is going to say, no, no, no, I'm asking for a whole lot more than that. I agree that's utterly pyrrhic as a victory, but why isn't the wise course? It's a perfectly reasonable course, your honor, and if that's what the court wants to do, it's a reasonable course. It's our position, it's not necessary, and to the extent we save time and resources by saying that this is a sufficient explanation, we think that's a reasonable course. If you disagree, that's within the power, it's certainly within your power and a reasonable outcome if that's how you interpret the language, and the language is the language, the order is what we have. Let me ask the question this way. I had asked your colleague a question. Assuming arguendo that Judge Middlebrooks was wrong in saying it was moot, and just speaking for myself, I think that's wrong. Whatever else is going on here, the application under the First Step Act wasn't moot. It certainly wasn't moot as to the crack offenses of which there were many. He had the power to address that even if it didn't ultimately affect the whole sentence, but he couldn't provide redress to the ultimate issue unless the sentences were interconnected. Were they? No. Tell me why not. For a couple reasons, and again, it also depends on how the court views the mandatory sentence as to count 34. Leaving that aside for the moment, I would like to get back to that because it's important to address. Based solely on the fact that counts 30 and 34 were both non-covered powder offenses, and I think that's clear. Non-covered offenses under this court's Denson ruling are just simply out. The court has no ability to modify them under the statutory authority given under Section 404, which is a unique statutory scheme. It's different from a remanded resentencing when you vacate one count on a direct appeal. This is not that kind of case. This is what statutory authority is given by Section 404. Under Denson, non-covered offenses are out. I do want to note that the Department of Justice's position, to the extent that Denson is not binding on this court, is that when sentences are concurrent and driven by the modification as if the Fair Sentencing Act applied, which is what the statutory authority in Section 404 grants, resentencing a package that was driven by a crack calculation would be including non-covered offenses or could allow authority to reduce the non-covered offenses because that would be reducing it as if the crack offense were different. Did the court have the under the Department's position, which is not quite the same as a sentencing package because it has to be driven by the crack offense, but regardless, the powder offenses were independently triggered, especially so if count 34 was mandatory, which our position was because the existence of the prior offenses statutorily trigger a higher sentence so long as you have notice of the prior offenses. There is no statutory basis for saying that prior offenses that are qualifying enhancing sentences apply to some counts and not others. So the simple answer to the question of interconnection is that a non-covered offense cannot necessarily be connected to a covered offense. Is that your position? It would only be in the Department's position if they were packaged and concurrent in such a way that it was the crack offense calculation that drove the sentence, which is not the case here. Why is that not the case here? How do we know that? Two ways. Originally, count 34, as clear from the PSI, was sentenced as a mandatory life term. That's independent. That had nothing to do with the crack. That mandatory term was statutorily required. Even viewing it now, if we were to look back at it, counsel has acknowledged in their supplemental letter, responding to our supplemental letter, that the career offender calculation would be 47, base offense level 47. That's based on the powder counts that have a statutory maximum of life, regardless of whether it's mandatory or not. So even if we were wrong and the 851 notice was insufficient, and that's not something a section 404 proceeding can address, you have to look at what was done, not what should have done. Even if count 34 was not And so the sentence, the career offender guideline now, as if the Fair Sentencing Act applied, would not be driven by the crack offense. It would be driven by this maximum life terms on the two non-covered offenses. Therefore, in this case at least, Mr. Hunt is not entitled to statutory relief under section 404, unless the court has any further request. I do. 851. The whole purpose of 851 is to put the defendant on notice, to say we're seeking an enhanced sentence here because you've got two prior offenses for drugs or whatever the case may be. If you had not filed an 851 notice in this case, would this have been a mandatory life on count 34? No, because by statute requires notice of the qualifying prior offense. The answer is if you didn't file the 851, the district court was free to sentence to life or less, but was not obliged, correct? Right, by statute. What if you file an erroneous 851? What if you make a mistake in the charging document? Did you, one, make a mistake here, and two, if you did, is that fatal to this being a mandatory offense? We met the requirements of section 851. What 851 requires is notice of the qualifying offenses. It does not require notice as to which counts that enhances. The notice is so that the defense can challenge whether these offenses are qualifying offenses, but once the qualifying offenses are duly noted and are either conceded or ruled upon, by statute, the enhancement exists. Under 841B1A, with two qualifying prior offenses, there's a mandatory life term. It is not required that we notify which counts they apply to, because there's no basis in the statute for applying it to some counts and not others. So the fact that the notice only mentioned some counts and not others, and it would have been better if they listed all of them correctly, but the fact that they didn't was not a failure to abide by the statute. We satisfied the requirements of the statute, and therefore it was sentenced correctly, and even if this court were to look back and say it was sentenced incorrectly, that's not something a section 404 proceeding can do. What's important is how was it sentenced, and the PSI shows that it was sentenced as a mandatory life term. Let me ask you just one quick final question. Is there any case out there that you can cite us to where the 851 properly listed the qualifying offenses, the notice was given, which is what 851 demands, but they were pegged to the wrong count? I did not find such a case, Your Honor. But what I did find was cases saying that even in errors as to the notice as to the offenses, certain clerical errors would not prevent the application of the mandatory life term, and such a life term was applied in this case. Thank you. Thank you, Your Honor. One more question left, Mr. Colan. One more question. I'm sorry. Is there any circuit or Supreme Court case that adopts the government's futility argument, in other words, that no effective relief can be given if the 404B reduction would not reduce the total sentence? I don't recall that specific ruling, Your Honor. I'm not saying it doesn't exist. I don't recall it, and I apologize for not knowing the answer. But is there one is my question that you know of? I don't know, Your Honor, but it's our position that 404C grants the court discretion, and this would fall within that discretion. All right. Thank you very much, Mr. Colan. Thank you. Your Honors, the problem with this case is that the court didn't deny the covered offenses. The court didn't rule on the covered offenses, as Judge Pryor pointed out, and as Judge Marcus, from reading the order, it's not clear whether he knew he had the authority. So I think the court didn't deny those things. Mootness makes it non-justiciable, and that's what the court was saying. Also, the government's reliance on Pubian, again, the court in Pubian reduced the covered offense. It's not like what happened here. I mean, here we have, I think we said 17 or 15 covered offenses, and the 851 notice, Judge Marcus, must unambiguously notify the defendant of what he's facing. The government took the extra step in this 851 notice, and it's different than most 851 notices. I'll admit that, that I've seen, but they specifically told the defendant what he was facing with each charge. Let me ask you the question in that regard. The 851 notice filed here, I take it, accurately and properly listed the qualifying offenses, right? From what I can tell, yes, Your Honor. So your client was put on fair notice, even if they didn't peg it to the right stat, the right count. Is that basically what we have here? Well, he was put on notice that he had two priors, which were enough under 851 to trigger an enhanced sentence. Yes, but... So he was in a position to come back and say, no, they have the wrong qualifying offenses. I really wasn't convicted of this, or what I was convicted of was a different offense, or something like that. He was put on notice of all of that, wasn't he? Yes, sir. My position is that all the sentences were drawn from the crack case counts, including count 34, and that it was a package, and that the court should have the opportunity to look at it all. It may exercise its discretion and say, no, your life sentence is fine, but I under these circumstances deserves the opportunity to have his covered offenses ruled upon at this point. Let me ask you one final question. Hypothetical. Suppose the 851 was proper in every regard. Not only did it have the right qualifying offenses for notice, but it was a package. And let's suppose the district court said, I don't have any power over count 34, it's mandatory. How could that be connected for purposes of interconnection with the crack offenses? How could you argue that the crack offenses drove the sentence and therefore permeated the entire package? That's the problem that I'm having with the argument on what looked to me to be non-covered powder offenses. Well, your honor, if the 851 was properly done, then I think that I don't have an argument. Okay, so you agree the proper 851, these are uncovered offenses, the powder offenses. Yes, sir. They wouldn't be driven by the crack. Offenses or the crack sentences, right? They're completely, if the 851 notice as to count 34 was accurate, then no. Thank you very much. Thank you. Have a good day. Thank you both very much.